UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN AND TIMOTHY MATTHEWS,

    Plaintiffs,

vs.                                                          CASE NO.:

HOMESITE INSURANCE COMPANY,

    Defendant.

_____/

**PLAINTIFFS' COMPLAINT & DEMAND FOR JURY TRIAL**

The Plaintiffs, SUSAN AND TIMOTHY MATTHEWS ("Plaintiffs"), by and through the undersigned counsel, and hereby file this Complaint against Defendant, HOMESITE INSURANCE COMPANY ("Defendant"), and as grounds therefore, state as follows:

**GENERAL ALLEGATIONS**

**The parties**

1. The Plaintiffs are individuals who were and still are the owners of the property insured pursuant to a federal flood insurance policy which is the subject of the herein dispute.

2. The Defendant is a private insurance company qualified to do business in the state of Florida and participated in FEMA's "Write Your Own" ("WYO") program for issuance of federal flood insurance policies.

3. The Defendant issued a Standard Flood Insurance Policy ("SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiffs.

## Jurisdiction and Venue

4. Jurisdiction herein arises under the National Flood Insurance Act, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, and federal common law, as well as this court's supplemental/pendent jurisdiction.

5. This action having arisen under an applicable federal statute, namely, 42 U.S.C. § 4072, it requires the application of federal law and federal jurisdiction is proper pursuant to 28 U.S.C. Section 1331.

6. The property insured pursuant to the SFIP which provides the basis for this action is located at 5460 Norlander Dr., Port Charlotte, FL 33981 ( "Insured Property"), which is situated in the Middle District of Florida, Fort Myers Division, and venue is therefore proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## Factual Allegations

7. On or about July 5, 2022, Defendant issued the SFIP to the Plaintiffs in the form of Policy Number 3000198109 with effective coverage dates of July 5, 2022 through July 5, 2023.

8. Pursuant to the SFIP, Defendant agreed to pay the Plaintiffs for any direct physical loss to the Insured Property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiffs incorporate by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by Defendant during the above-referenced time period.

9. On or about September 28, 2022, while the above-described SFIP was in full force and effect, the storm surge, floodwaters, and rain associated with Hurricane Ian directly caused the Insured Property to be inundated by water, resulting in a catastrophic loss to the Insured Property.

10. As a direct and proximate result of the flooding, the Plaintiffs suffered a direct physical loss to their Insured Property, and such loss is a covered risk pursuant to the SFIP.

11. Shortly after the date of loss, Plaintiffs timely notified Defendant of their loss, and Defendant assigned the Plaintiffs claim number 399870.

12. On or about October 12, 2022, Defendant's authorized agents inspected the Insured Property.

13. Notwithstanding having ample time to inspect the Insured Property, take photos, prepare both a report and estimate of the damages, Defendant failed to make a timely coverage determination and failed to adequately indemnify Plaintiffs for their loss.

14. The Defendant has also failed to make a timely coverage determination and failed to adequately indemnify Plaintiffs for their loss.

15. The Plaintiffs have flood-related losses and determined the amount to be $86,108.86 ("Loss"), as detailed in the Sworn Statement in Proof of Loss, as well as the related estimate which is attached hereto and incorporated herein as Composite **"Exhibit A"** ("Sworn Statement in Proof of Loss and Estimate").

16. To date, the Plaintiffs have not received the appropriate funds that they are entitled to toward satisfying the amount of loss.

17. On or about September 20, 2023 and October 20, 2023, the Plaintiffs notified the Defendant in writing that they were in breach of the SFIP. Proof of that written notice is evidenced by the correspondence attached hereto and incorporated herein as Composite **"Exhibit B"** ("Notices"). The proof of loss and estimate of the damages were included within said notices.

18. Despite written demand for payment and ample documentation of the Loss, the Defendant has failed and refused to pay any sums necessary to repair the Insured Property and compensate the Plaintiffs for their Loss.

19. All conditions precedent to filing this action have been met or waived by the Defendant.

## COUNT I:
## ACTION FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201(a)

20. Plaintiffs reaver and reallege the General Allegations and all of their subparts from paragraphs 1-19 as if set forth fully herein.

21. An actual and justiciable controversy exits between the parties regarding the Defendant's obligations under the SFIP, and whether the Defendant owes additional money to Plaintiffs under the SFIP, and a declaratory judgment is necessary and appropriate to determine the rights and duties of the parties hereto pursuant to 28 U.S.C. § 2201(a).

## COUNT II:
## BREACH OF CONTRACT

22. Plaintiffs reaver and reallege the General Allegations and all of their subparts from paragraphs 1-19 as if set forth fully herein.

23. The SFIP affords coverage to the Plaintiffs as follows:

|  | COVERAGE | DEDUCTIBLE |
|---|---|---|
| BUILDING: | $175,000 | $5,000 |
| CONTENTS: | $40,000 | $5,000 |

24. As of the date of the filing of this action, the Defendant has failed to: (i) acknowledge all coverage for the Loss; or (ii) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; or (iii) issued any payment of insurance proceeds for the Loss to the Plaintiffs.

25. By their failure to acknowledge or tender any amount to address the Loss, the Defendant has materially breached the SFIP.

26. The Defendant has failed to properly indemnify Plaintiffs for losses stemming from the Loss, in breach of the SFIP.

27. The Defendant has otherwise failed or refused to comply with the terms and provisions of the SFIP. As a result, the Defendant has breached the SFIP, a contract of insurance herein described.

28. The Plaintiffs have suffered and continue to suffer damages resulting from Defendant's breach of the SFIP, which is a written contract.

29. As a direct and proximate consequence of the Defendant's breach of the SFIP, the Plaintiffs have not been fully paid or compensated for damage stemming from the Loss.

30. As a direct and proximate consequence of the Defendant's breach of the SFIP, the Plaintiffs will incur attorney fees and costs to collect the correct amount due under the SFIP.

**WHEREFORE**, the Plaintiffs demand declaratory relief regarding the extent of the Defendant's respective obligations under the SFIP; judgment against the Defendant for an amount up to and including the coverage limits under the SFIP; any and all other amounts payable under the SFIP; attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Judgment Act (EAJA), 28 U.S.C. § 2412; and, any such other further and appropriate relief to which the Plaintiffs may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand a trial by jury of all issues so triable as a matter of right.

Dated this 14th day of November, 2023.

        Respectfully submitted,

**GED LAWYERS, LLP**
*Attorneys for the Plaintiffs*
7171 North Federal Highway
Boca Raton, FL 33487
Telephone: (561) 995-1966
Facsimile: (561) 241-0812
Primary Email: pdlitlaw@gedlawyers.com
Secondary Email:
bgoetsch@gedlawyers.com

BY:   */s/Scott M. Rosso*
       SCOTT M. ROSSO, ESQ.
       Florida Bar No.:  505757